UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
IN RE DMCA SUBPOENA TO              )
TUMBLR, INC.                        )   Misc. Action No. 14-91209-NMG
                                    )
_____ )

REPORT AND RECOMMENDATION ON MOTION FOR CLERK'S ISSUANCE OF
SUBPOENA PURSUANT TO 17 U.S.C. § 512(H) BY JOSHUA H. OHL[1]

October 7, 2014

Boal, M.J.

Attorney Michael T. Mullaly, on behalf of Joshua H. Ohl, has filed a motion for issuance of a subpoena pursuant to Section 512(h) of the Digital Millennium Copyright Act ("DMCA"). 17 U.S.C. § 512(h).[2] Section 512(h) of the DMCA permits a copyright owner or his agent to obtain and serve a subpoena on an internet service provider seeking the identity of a person alleged to be infringing the owner's copyright. Id.

In order to obtain a subpoena pursuant to Section 512(h), the owner must submit to any United States District Court a request containing the proposed subpoena, "a copy of a notification described in subsection (c)(3)(A),"[3] and a sworn declaration ensuring that the

---

[1] The District Court referred the case to the undersigned on October 7, 2014. Docket No. 8.

[2] Mullally originally filed the motion on July 21, 2014. Docket No. 1. On September 25, 2014, he withdrew the motion inasmuch as the compliance date listed on the proposed subpoena had passed. Docket No. 6. He also filed a request for issuance of a revised subpoena with a new date of compliance. Docket Nos. 5, 7.

[3] Subsection (c)(3)(A) provides that:

To be effective under this subsection, a notification of claimed infringement must be a written communication provided to the designated agent of a service provider

-1-

subpoena is solely to obtain the identity of an alleged infringer, which information will be used only to protect the rights to the copyright. 17 U.S.C. § 512(h)(2). "The subpoena shall authorize and order the service provider receiving the notification and the subpoena to expeditiously disclose to the copyright owner or person authorized by the copyright owner information sufficient to identify the alleged infringer of the material . . ." 17 U.S.C. § 512(h)(3). The Clerk shall "expeditiously issue" the subpoena if it is in proper form, the declaration is properly executed, and the notification satisfies subsection (c)(3)(A). 17 U.S.C. § 512(h)(4).

Here, Mullally has provided the required materials. However, it appears that the

---

that includes substantially the following:

**(i)** A physical or electronic signature of a person authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.

**(ii)** Identification of the copyrighted work claimed to have been infringed, or, if multiple copyrighted works at a single online site are covered by a single notification, a representative list of such works at that site.

**(iii)** Identification of the material that is claimed to be infringing or to be the subject of infringing activity and that is to be removed or access to which is to be disabled, and information reasonably sufficient to permit the service provider to locate the material.

**(iv)** Information reasonably sufficient to permit the service provider to contact the complaining party, such as an address, telephone number, and, if available, an electronic mail address at which the complaining party may be contacted.

**(v)** A statement that the complaining party has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.

**(vi)** A statement that the information in the notification is accurate, and under penalty of perjury, that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.

17 U.S.C. § 512(c)(3)(A).

subpoena is overly broad. Section 512(h)(3) states that the subpoena shall authorize the service provider to disclose "information sufficient to identify" the alleged infringer. 17 U.S.C. § 512(h)(3). Here, the proposed subpoena seeks "[a]ll electronic and/or physical documents, including but not limited to billing and administrative records, that reflect the name, address(es), telephone number(s), email address(es), and/or account number(s) of 'AtomMike' (Tumblr username), with respect to whom Joshua H. Ohl, through counsel, issued a DMCA takedown notice on July 20, 2014." That portion that refers to billing records appears to be beyond the scope of subpoenas authorized by Section 512(h).

Accordingly, the Court recommends that the District Court allow the issuance of a subpoena to Tumblr but limit the subpoena to documents that reflect the name, address(es), telephone number(s), and email address(es) of 'AtomMike' (Tumblr username), with respect to whom Joshua H. Ohl, through counsel, issued a DMCA takedown notice on July 20, 2014.[4]

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge

---

[4] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).